UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TORMENTED SOULS INC.,

        Plaintiff,               **MEMORANDUM & ORDER**
                                                    09-CV-1743 (DRH) (ARL)
    - against -

TORMENTED SOULS MOTORCYCLE
CLUB INC. and JOSEPH FALCONE,

        Defendants.
------------------------------------------------------------X

**APPEARANCES:**

**Attorneys for Plaintiff**
Kenneth M. Piken & Associates
333 Jericho Turnpike
Suite 218
Jericho, New York 11753
By:   Kenneth Mark Piken, Esq.

**Tormented Souls Motorcycle Club Inc. – No Appearance**

**Joseph Falcone, Pro Se**
4095 Maywood Drive
Seaford, New York 11783

**HURLEY, Senior District Judge:**

      Plaintiff Tormented Souls Inc. commenced this trademark infringement action on April 29, 2009 alleging that defendants Tormented Souls Motorcycle Club Inc. and Joseph Falcone used its protected trademark, "Tormented Souls," in violation of the Lanham Act, 15 U.S.C. § 1051 et seq., various New York statutes, and common law.  The parties entered into a "Stipulation and Order for Permanent Injunction" and "Addendum to Stipulation and Order for Permanent Injunction," both of which (collectively, the "Settlement Agreement") were "So Ordered" by this Court on April 27, 2010.  On September 17, 2010, plaintiff filed a motion

seeking sanctions against defendants for their violations of the Settlement Agreement.[1]

Subsequently, defendants' counsel filed a motion to withdraw. The Court granted that motion by Order dated May 17, 2011 and stayed the matter for thirty days to permit defendant Tormented Souls Motorcycle Club to retain new counsel, specifically cautioning that "a corporation is not permitted to proceed *pro se*." (May 17, 2011 Order at 2.) The Court referred plaintiff's letter motion for sanctions to Magistrate Judge Arlene R. Lindsay pursuant to 28 U.S.C. § 636(b)(3), for a report and recommendation. The Court further referred the issue of whether, given Falcone's filing of a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of New York, the matter was precluded by the automatic stay provisions of Section 362 of the Bankruptcy Code.

## I.   *Judge Lindsay's Report and Recommendation*

Judge Lindsay issued a Report and Recommendation dated February 7, 2012. Judge Lindsay determined first that Falcone's Chapter 13 bankruptcy case had been closed as of November 11, 2011 and, as such, "the issue of the automatic stay provision [was] moot." (R&R at 1 n.2.) Judge Lindsay further noted that Tormented Souls Motorcycle Club had not retained an attorney to represent it, nor had it requested additional time to retain counsel. Therefore, Judge Lindsay deemed plaintiff's motion for sanctions unopposed by the corporate defendant. (*Id.* at 1 n.1.)

---

[1] The Settlement Agreement specifically provided that the Court retained jurisdiction for purposes of its enforcement. (*See* Settlement Agreement ¶ 14.) Pursuant to paragraph 11 of the Settlement Agreement, in the event that the Court determines that defendants have violated any provision of the agreement, a sanction shall be awarded in the amount of $500 per violation, which amount "shall be payable to Piken & Associates P.C., representing reasonable attorney's fees and sanctions." (*Id.* ¶ 11.)

Turning to the substance of plaintiff's motion for sanctions, Judge Lindsay recommended that the motion be granted in part and denied in part. Judge Lindsay found that defendants committed two violations of paragraphs 5 and 7 of the Settlement Agreement, and recommended a sanctions award in the amount of $1,000 (or $500 per violation) pursuant to paragraph 11 of the Settlement Agreement. Next, Judge Lindsay concluded that defendants did not violate the Settlement Agreement by virtue of their "alleged failure to forward to plaintiff's counsel all removed patches, decals and insignias bearing the name, style and logo of plaintiff," and recommended that "plaintiff's motion for an award of sanctions on this basis be denied." (R&R at 11.) Finally, Judge Lindsay found that defendants did not violate paragraph 9 of the Settlement Agreement, which required them to provide plaintiff's counsel with an affidavit "stating that no garments of any kind have been sold bearing the name, style and logo of plaintiff." (*Id.* at 11-12.)

On February 20, 2012, defendants were served with a copy of the Report and Recommendation. More than fourteen days have elapsed since service of the Report and Recommendation. No party has filed any objections. Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result. Accordingly, the Court adopts the February 7, 2012 Report and Recommendation of Judge Lindsay as if set forth herein.

## II.     *Plaintiff's Motion for Contempt*

While plaintiff's motion for sanctions was pending before Judge Lindsay, plaintiff filed a separate motion before this Court. While styled as a motion for contempt, it actually is a separate

motion seeking sanctions based upon plaintiff's breach of the Settlement Agreement. Plaintiff's new motion reiterates the grounds for sanctions set forth in its original motion, which have been reviewed by Judge Lindsay and are the subject of her Report and Recommendation, as set forth above. Plaintiff also asserts two new grounds for the imposition of sanctions. First, plaintiff claims that defendants breached paragraph 3 of the Settlement Agreement by failing to "take all the steps necessary to remove all advertisements, promotional publications, internet website, and other media wherein the public would encounter or view the use of the 'Tormented Soul' mark." (Settlement Agreement ¶ 3.) Plaintiff asserts that it has uncovered "3 websites which contain and promote Plaintiff's 'Tormented Souls' name and/or mark." (Aff'n of Kenneth M. Piken, Esq., dated Oct. 20, 2011 ("Piken Aff'n") ¶ 18 & Ex. B.) The first website appears to be a "Myspace" profile entitled "Tormented Souls MC," which contains a photo album including seven photos of the "Tormented Souls" name and mark. Falcone acknowledges that this "is a Myspace page that our form webhost started for us sometime in 2008." (Falcone's Oct. 21, 2011 Letter at 1.) Falcone states that he "asked several times for the password access to it and ha[s] not gotten a response." (*Id.*) Given that Falcone has admitted responsibility for this webposting and that he has failed "take all the steps necessary to remove" that posting, the Court finds that defendants have violated paragraph 3 of the Settlement Agreement. Therefore, plaintiff is entitled to an additional sanction of $500.

  The remaining two websites containing plaintiff's "Tormented Souls" mark appear to be: (1) a notification of a "Tormented Souls Fund Raiser," which was posted on BikerOrNot.com, a website described as "The Social Network for Bikers!", and (2) an article posted on a website called "The Laois People," which describes a fundraiser held "on behalf of Tormented Souls

4

MCC for Down Syndrome Ireland." (Piken Aff'n, Ex. B.) Plaintiff has not established that either of these websites is within the control of defendants or that they had any ability to remove the objectionable postings. Accordingly, the Court does not find that plaintiff is entitled to any additional sanctions based upon these internet postings.

Finally, plaintiff asserts that defendants have failed to comply with paragraph 12 of the Settlement Agreement, which requires defendants to "place upon its website forthwith a disclaimer stating that it has changed its name; that the 'domain' shall be surrendered to plaintiff, and that it is not affiliated in any way with Tormented Souls." (Settlement Agreement ¶ 12.) Specifically, plaintiff asserts that defendants have failed to place the required disclaimer on their website www.chosensoulsmc.com. In response, Falcone asserts that it did not own this website at the time the Settlement Agreement was signed. (Falcone's Oct. 21, 2011 Letter at 4.) Indeed, the Settlement Agreement only refers to defendants' domain name of www.tormentedsoulsmc.com, which Falcone asserts was "shut down" on May 2, 2010. (*Id.*) The Court finds that the unambiguous terms of the Settlement Agreement required only that defendants place a disclaimer on the website they controlled at the time of the execution of the agreement, i.e., www.tormentedsoulsmc.com, and did not explicitly obligate them to place such a disclaimer on any other website they might operate going forward. Accordingly, the Court declines to award sanctions on this basis.

## *CONCLUSION*

The Court therefore directs that plaintiff recover from defendants sanctions in the amount of $1,500.  To the extent plaintiff's motion for contempt requests the imposition of additional attorney's fees, (*see* Piken Aff'n ¶ 45 & Ex. I), the Court notes that the Settlement Agreement specifically contemplates that the $500 sanction for each violation "represent[s] reasonable attorney's fees and sanctions." (Settlement Agreement ¶ 11.)  Plaintiff has not articulated any independent basis to award additional attorney's fees, and the Court declines to do so.

**SO ORDERED.**

Dated: Central Islip, New York
April 17, 2012

/s/
Denis R. Hurley
Unites States District Judge